# EXHIBIT A



POLICE DEPARTMENT
LEGAL BUREAU
BODY WORN CAMERA UNIT
375 PEARL STREET - BOX 39
NEW YORK, N.Y. 10038

October 24, 2022

**By E-mail**
Richard Palma, Esq.
122 East 42nd Street, Suite 620
New York, NY 10068
E-mail: rpalma177@gmail.com

Re: *United States v. Marco Druskovich*, CR. 22 –CR-309 (JPC)

Dear Mr. Palma,

I write on behalf of the New York City Police Department (the "NYPD") to respond and object to the subpoena (the "Subpoena") issued by the Clerk of Court in the above-captioned case at the Defendant's request pursuant to Fed. R. Crim. Proc. 17(c). The Subpoena seeks body-worn camera ("BWC") video taken " . . . inside 890 Elsmere Place, Bronx, New York 10460 on February 1, 2022 starting at 6 a.m. and continuing thereafter."

The NYPD objects to this request because it improperly seeks materials that would be (if they existed) " . . . otherwise procurable reasonably in advance of trial by exercise of due diligence . . ." *U.S. v. Nixon*, 418 U.S. 683, 699 (1974). The only proper way to attempt to obtain these materials is through the normal discovery process under Rule 16, *Giglio*, *Brady*, *Jencks*, and/or 18 U.S.C. 3500.[1] To the extent that the Subpoena has been issued merely to confirm whether or not the requested materials even exist, the NYPD still objects, since the normal discovery process with the Government, rather than a Rule 17 subpoena on a third-party, would be the only appropriate method to do so. *See U.S. v Bergstein*, 2017 US Dist LEXIS 214077, at *13 (SDNY Dec. 28, 2017, No. 16-cr-746 (PKC)) (Rule 17 subpoenas cannot " . . . replicate all

---

[1] *See U.S. v. Shah*, 2022 U.S. Dist. LEXIS 78360, *5-6, 2022 WL 1284550 (SDNY April 29, 2022) (" . . . Rule 16—and not a Rule 17(c) subpoena—is the proper vehicle by which to obtain . . . [discoverable information under Rule 16.]"); *U.S. v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 514 (SDNY 2013) (quashing subpoena on NYPD in part because the Government represented that it had been complying with its *Brady* obligations and would continue to comply with its Brady obligations should more material become available).

1

or part of the government's discovery productions in the hope that the non-party's production will produce something more."), *aff'd*, 788 Fed. Appx. 742, 746 (2nd Cir. 2019).[2]

For the avoidance of doubt, it is the United States Attorney's Office that determines whether materials are in the United States' possession, custody, or control and otherwise subject to criminal discovery obligations, not the NYPD. In any event, if the materials existed and were in fact "favorable to the accused," then, under the Court's June 9, 2022, Order pursuant to Fed. R. Crim. Pro. 5(f), the Government would be under an " . . . affirmative obligation to seek . . ." such material " . . . from all . . . local . . . law enforcement . . ." (ECF No. 17 at 2), such that the discovery process with the Government would still be the only appropriate avenue to obtain them.

In any event, subject to and without waiving the foregoing objections, the NYPD has completed a reasonable search of documents, including BWC video, within its possession, custody, or control, and has not found any BWC video responsive to the Subpoena.

Sincerely,

        /s/   John Whelan
JOHN F. WHELAN, ESQ.
Agency Attorney
Legal Bureau, Body Worn Camera Unit
New York City Police Department
375 Pearl Street, Suite 4, 17th Floor
New York, New York 10038
Tel. (Desk): (646) 610-4914
Tel. (Main): (646) 610-5001
E-mail: john.whelan@nypd.org

CC (by e-mail):
Assistant United States Attorney Mathew Andrews
E-mail: Mathew.andrews@usdoj.gov

---

[2] *See also U.S. v. Brown*, 2012 U.S. Dist. LEXIS 65546, at 5, 2012 WL 1655733 (WD Pa May 10, 2012, No. 11-193) (" . . . the defendant improperly uses the subpoena mechanism as a discovery technique, to ascertain whether documents exist."); *U.S. v Watson*, 2020 US Dist LEXIS 226987, at *28-29, 2020 WL 7074623 (WD Pa Dec. 3, 2020, No. 2:20-cr-112-NR) (ordering that the defendant should " . . . confer with the government to determine if any Rule 16 materials exist that have not been produced . . .").